## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IBRAHIMA TOURE,<br><br>                    Plaintiff,<br><br>          v.<br><br>AUTO EQUITY LOANS OF DE, LLC;<br>INTERNATIONAL RECOVERY SYSTEMS,<br>INC.,<br>                    Defendants. | NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### I.  Jurisdiction and Venue

1.      Federal jurisdiction over this complaint arises under 15 U.S.C. § 1692. (FDCPA). Venue is appropriate in the Eastern District of Pennsylvania where the plaintiff resides and the acts alleged in the complaint occurred.

### II.  Parties

2.      Plaintiff IBRAHIMA TOURE is, and at all times herein, an individual residing at 6100 City Ave., Apt. PH216, Philadelphia, PA 19131.

3.      Defendant, AUTO EQUITY LOANS OF DE, LLC ("AEL") is a corporate entity believed to be chartered in the state of Florida with an office at 1812 Marsh Road, Suite 6, Wilmington DE 19810 and is in the business of Title loan lending.

4.      Defendant INTERNATIONAL RECOVERY SYSTEMS, INC. (hereinafter "IRS, INC.") is a corporation engaged in the business of debt collection and automobile repossession in the Commonwealth of Pennsylvania with principal offices at 415 Mcfarlan Road, Suite 100, Kennett Square, PA 19348.

5.      At the time of the events herein, IRS engaged in the collection and repossession activities described herein and was a debt collector as defined by 15 U.S.C. §1692a(6) insofar as IRS uses a tow vehicle as an instrumentality of interstate commerce in its business the principal purpose of which is the enforcement of security interest.

### III. Factual Allegations

6.      Prior to the events described herein, plaintiff owned with clear title a 2008 Chevrolet Tahoe, VIN: 1GNFK13078J124611 ("the vehicle"), which was titled, registered, and licensed in Pennsylvania.

7.      Prior to the events described herein, plaintiff had contracted for a title loan with AEL using the vehicle as collateral (see Ex A).

8.      AEL lent plaintiff a total of $5,000 at a stated 121% A.P.R.

9.      Plaintiff paid AEL over $8,000, but this amount far exceeds the payment would be at the maximum legal rate of interest in Pennsylvania.

10.     Plaintiff was late on his payment for August 2021.

11.     On or about August 11, 2021, AEL ordered defendant IRS to repossess Plaintiff's vehicle at plaintiff's residence.

12.     At the time of the aforesaid repossession, Plaintiff's vehicle was parked inside of Plaintiff's high-rise residence's garage area which is not open to the public and which requires electronic access via a FOB key provided only to building residents.

13.     Despite its lack of authorized access, defendant IRS unlawfully entered the garagerepossessed Plaintiff's vehicle on or about August 11, 2021.

2

14.     As a result of a loss of the vehicle, Plaintiff has been unable to perform his job duties.

15.     IRS, acting of its own free will, agreed to work for AEL to repossess the plaintiff's vehicle.

16.     In Kaneff v. Delaware Title Loans, 587 F.3d 616, 624 (3d Cir. 2009), the U.S. Court of Appeals for the Third Circuit found that Pennsylvania had a "materially greater interest" than Delaware in the application of the Commonwealth's laws to a 300% A.P.R. auto title loan between a Delaware lender and a Pennsylvania borrower.

17.     Plaintiff believes and therefore avers that IRS agreed to repossess the vehicle knowing the loan was unlawful, or without performing any due diligence to determine the validity or legality of the loan.

18.     IRS decided that it would perform repossessions within the Commonwealth of Pennsylvania either knowing that the repossession was illegal or without performing any due diligence to determine the validity of the loan or its right to perform the repossession.

19.     As a result of the foregoing events, plaintiff suffered harm consisting of the loss of his motor vehicle, time and expense dealing with Defendants' unlawful actions, inability to attend a job interview, and the accompanying emotional distress of having the vehicle repossessed, including but not limited to shame, humiliation, frustration and anger.

**COUNT I – Loan Interest and Protection Law, Pa. Act 6, 41 P.S. § 201 et seq.**
**(Plaintiff v. AEL)**

20.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

3

21.     AEL violated Act 6, 41 P.S. §§ 201, 408, 501, 502 and 504, by collecting interest from the plaintiffs at the rate of 127% A.P.R.

22.     AEL applied most of the plaintiff's payments to usurious interest instead of principal, and then repossessed plaintiff's automobile.  Under Act 6, 41 P.S. §§ 502 & 504, plaintiff is entitled to an award of all actual damage and three (3) times the value of any money or property used to pay usurious interest.

## <u>COUNT II</u> - Violations of the FDCPA
### (Plaintiff v. IRS)

23.     The allegations above are re-alleged and incorporated herein by reference.

24.     At all times relevant hereto, IRS was attempting to collect an alleged debt incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     At the time the aforementioned IRS engaged in the collection and repossession activities described herein, Defendants were each a debt collector as defined by 15 U.S.C. §1692a(6) insofar as:

    a)  IRS uses a tow vehicle as an instrumentality of interstate commerce in its business the principal purpose of which is the enforcement of security interest.

    b)  No defendant had any interest in or the present right of possession to the subject vehicle;

    c)  Plaintiff was not in default under any agreement between himself and any of the defendants.

d) Each, by their respective actions in breaching the peace to effectuate a repossession, lost any alleged present or possible right to the collateral securing plaintiff's debt.

26.     Defendants, by their conduct as described above in repossessing a vehicle without any preceding default, violated the FDCPA as follows:

a) §1692f(1) by taking the vehicle when secured party had no interest in plaintiff's property or any agreement with plaintiff regarding plaintiff's property and in a commercially unreasonable manner in connection with the repossession which is not permitted by law;

b) §1692f, by unfairly and unconscionably collecting or attempting to collect the debt by its actions described above herein.

27.     Defendants, by their conduct as described above in breaking into plaintiff's garage at his residence, violated the FDCPA as follows:

a) §1692d, by having engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person;

b) §1692d1 by threatening to use criminal means to harm plaintiff;

c) §1692d by threatening conduct to abuse plaintiff;

d) §1692e(5) by threatening to use criminal means where it could not legally be taken;

e) §1692e(7) by engaging in conduct to disgrace the debtor by its public actions in breach of the peace as described above.

## COUNT II - Violation of U.C.C.
### (Plaintiff v. All Defendants)

28.     The allegations above are re-alleged and incorporated herein by reference.

29.     The vehicle repossessed by defendants which is collateral for the debt falls within the definition of "consumer goods" contained in 13 Pa. C.S.A. § 9102. The transaction in question was a

consumer-goods transaction in that plaintiff owed the obligation primarily for personal, family or household purposes, and the collateral was consumer goods.

30.     In the course of the transaction with plaintiff, defendants violated the provisions of Article 9, Part 6 of the U.C.C., including, but not limited to committing a breach of the peace in repossessing the Vehicle in violation of 13 Pa. C.S.A. § 9609(b)(2) by deceptive and abusive behavior described above by unlawfully gaining access to plaintiff's residence garage to repossess the vehicle.

31.     These U.C.C. violations caused plaintiff actual damages in the amount of the vehicle's value at the time of repossession and, in the alternative, statutory damages under 13 Pa. C.S.A. § 9625.

### COUNT III - Negligence
### (Plaintiff v. All Defendants)

32.     The allegations above are re-alleged and incorporated herein by reference.

33.     Defendants were negligent in the following respects:

    a)  failing to institute appropriate policies and procedures to comply with the applicable laws;

    b)  failing to institute policies, train personnel, and supervise personnel regarding lawful loans in the jurisdictions in which it operates;

    c)  failing to institute policies, train personnel, and supervise personnel regarding proper towing procedures;

    d)  failing to hire competent and/or honest personnel, to conduct towing operations;

    e)  failing to properly train and/or supervise its personnel.

f)  failing to take reasonable care before using a tow vehicle as an instrumentality of interstate commerce in its business the principal purpose of which is the enforcement of security interest.

g)  failing to ensure the creditor had any interest in or the present right of possession to the subject vehicle;

h)  failing to ensure that the vehicle owner was not in default under any agreement with the creditor ordering the repossession.

i)  Failing to institute policies to prevent breach of the peace to effectuate a repossession.

34.   Plaintiff suffered actual damages proximately caused by Defendants' negligence as alleged above including but not limited to deprivation of the quite use and enjoyment of the vehicle.

35.   The defendants' individual and collective acts and/or omissions were substantial contributing factors and causes of violations of the duties as set forth in this Count and to plaintiffs' indivisible harm and damages more fully described above and below, and render the defendants joint and severally liable to the Plaintiffs.

**COUNT IV** - Conversion
**(Plaintiff v. All Defendants)**

36.   Plaintiff incorporates all facts and allegations set forth in this Complaint.

37.   Pursuant to the established business practices established and implemented by all the Defendants, without right or justification, Defendants took possession, dominion and/or control of Plaintiffs' vehicle and denied plaintiffs use and quiet enjoyment thereof.

7

38.     As a result of the Defendants' misconduct, the Plaintiff was deprived of the use and enjoyment of the subject vehicle, incurred inconveniences and frustration, together with the other damages set forth above and below.

39.     The defendants' individual and collective acts and/or omissions were substantial contributing factors and causes of violations of the duties as set forth in this Count and to plaintiffs' indivisible harm and damages more fully described above and below, and render the defendants joint and severally liable to the Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.  Statutory damages pursuant to 15 U.S.C. § 1692k;

B.  Actual damages for emotional distress pursuant to 15 U.S.C. § 1692k;

C.  Reasonable attorney fees and costs.

D.  Damages under the U.C.C. as described herein;

E.  Actual damages for loss of the value of the vehicle;

F.  Punitive damages for conversion of plaintiff's vehicle;

G.  Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

40.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Dated:  August 20, 2021                    _**s/ Robert P. Cocco**_
                                           Robert P. Cocco, Esq.
                                           Attorney for Plaintiff